IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES W. JONES )
)
v. ) NO. 3:05-0978
)
TONY PARKER, WARDEN )

TO: Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By order entered December 6, 2005 (Docket Entry No. 2), the Court referred the instant Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 to the Magistrate Judge for further proceedings under Rule 8(b) of the Rules Governing Section 2254 Cases, and 28 U.S.C. § 636(b)(1)(B).

Presently pending before the Court is Respondent's motion to dismiss (filed April 10, 2006; Docket Entry No. 8), to which Petitioner has filed a response in opposition (filed May 8, 2006; Docket Entry No. 11). For the reasons set out below, the Court recommends that the motion to dismiss be granted and this petition be dismissed.

## I. BACKGROUND

Petitioner is currently an inmate of the Tennessee Department of Correction ("TDOC"), where he is serving a sentence of 22 years imprisonment for the crime of second degree murder. On October 5, 2000, a jury in Davidson County, Tennessee convicted him of this crime. On December 13, 2001, the Tennessee Court of Criminal Appeals upheld the sentence and conviction.

See Addendum No. 1 to Docket Entry No. 8. Petitioner did not seek discretionary review with the Tennessee Supreme Court.

On December 12, 2002, Petitioner filed a pro se petition for post-conviction relief in the Criminal Court for Davidson County, Tennessee. See Addendum No. 2 at pp. 4-15. Following the appointment of counsel and a hearing, the state court denied the petition. Id. On June 22, 2004, the Tennessee Court of Criminal Appeals upheld the decision denying the petition for post-conviction relief. See Addendum No. 3. The Tennessee Supreme Court denied Petitioner's application for permission to appeal on November 15, 2004. See Docket Entry No. 11 at 1. There is no indication that Petitioner sought a writ of certiorari to the United States Supreme Court.

Petitioner filed the instant pro se petition under 28 U.S.C. § 2254 on November 14, 2005. He raises four grounds for relief challenging the lawfulness of his conviction and sentence. In lieu of an answer, Respondent filed the pending motion to dismiss arguing that the petition is untimely because it was not filed within the one year statute of limitations set out at 28 U.S.C. § 2244(d)(1).

## II. LEGAL CONCLUSIONS

Respondent's motion to dismiss should be granted because the petition was not timely filed. 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"), provides:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of -
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant action, the time period for Petitioner's direct review of his judgment concluded on February 11, 2002, when the allowable time period for him to seek discretionary review of his judgment and sentence with the Tennessee Supreme Court expired. At this point, his judgment became final. Because Petitioner has not pointed to a later triggering date under either subsection (B), (C), or (D), the one year statute of limitations began to run on February 11, 2002.

In his response in opposition to the motion to dismiss, Petitioner argues "a state prisoner seeking to challenge the lawfulness of his or her confinement has one year from the date on which the pertinent state court judgment became final (i.e. Collateral Review) in which to file for federal habeas relief." See Docket Entry No. 11 at 2. He argues that his petition was timely filed since it was filed within one year from the conclusion of his petition for post-conviction relief.

Petitioner's contention is simply erroneous. 28 U.S.C. § 2244(d)(1)(A) clearly provides that the statute of limitations begins to run upon the "conclusion of direct review or the expiration of the time for seeking such review." An application for state post conviction relief does not serve to delay the date on which a judgment becomes final, and the conclusion of collateral review is not the triggering date for the running of the statute of limitations. See Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001).

Once the statute of limitations began to run, 304 days passed until Petitioner filed his state petition for post-conviction relief on December 12, 2002. At this point, the tolling provision of 28 U.S.C. § 2244(d)(2) applied and tolled the statute of limitations until the conclusion of the post-conviction proceedings.[1] On November 15, 2004, the Tennessee Supreme Court denied Petitioner's request for permission to appeal. Although Petitioner did not seek a writ of certiorari to the United States Supreme Court, he is given the benefit of the time period during which he could have sought such a writ and the statute of limitations continued to remain tolled until the conclusion of this time period on February 15, 2005. See Abela v. Martin, 348 F.3d 164, 172-73 (6th Cir. 2003).

At this point, the statute of limitations began to run again, and Petitioner had 61 days, or until April 18, 2005,[2] within which to file his petition for relief under Section 2254. The petition, however, was not received by the Court until May 5, 2005. See Docket Entry No. 1.[3]

---

[1] Section 2244(d)(2) provides that:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward any period of limitations under this subsection.

[2] Because the last day of the one year filing period fell on a weekend, Petitioner was given the benefit of the next business day within which to file his petition. See Rule 6 of the Federal Rules for Civil Procedure.

[3] Although the petition was not file stamped until November 14, 2005, it is clearly stamped "received" on May 5, 2005. As such, it will be considered filed on the earlier date.
 The Court notes that Petitioner has offered no reason why an earlier date should be viewed as the date his petition was filed or that he should gain the benefit of the "mailbox rule." See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The Court assumes, and there has been no proof offered by Petitioner to show otherwise, that the petition was delivered to prison authorities for mailing well after April 18, 2005, since the petition was not received by the Clerk until May 5, 2005.

Accordingly, the petition was not timely filed and warrants dismissal as barred by the statute of limitations. In his response in opposition, Petitioner has not raised any arguments showing either that his petition was in fact filed by April 18, 2005, or that equitable tolling should apply.

### R E C O M M E N D A T I O N

Based on the foregoing reasons, the Court respectfully RECOMMENDS that Respondent's motion to dismiss (filed April 10, 2006; Docket Entry No. 8) be GRANTED and this petition be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this Report, or the proposed findings or recommendation to which objection is made. Failure to file objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge